The Honorable Mac Dodson, Commissioner Arkansas Securities Department 201 E. Markham, Suite 300 Little Rock, Arkansas 72201-1692
Dear Commissioner Dodson:
This official attorney general opinion is issued in response to your recent question regarding credit union membership.
Your question arises out of the results of recent litigation concerning credit union membership under the Federal Credit Union Act (12 U.S.C. § 1751 et seq.). You explain in your correspondence that under the Federal Credit Union Act, credit union membership is "limited to groups having a common bond of occupation or association, or to groups within a well-defined neighborhood, community, or rural district."12 U.S.C. § 1759. From 1934 until 1982, the National Credit Union Administration (NCUA), the agency which administers the Act, interpreted the "common bond" requirement to mean that the members of each credit union must belong to a single occupational group. In 1982, the NCUA began to approve credit union membership comprised of multiple occupational groups. This change in the NCUA's interpretation of the Act spawned legal challenges by the banking community. The federal court of appeals for the D.C. Circuit recently decided one such challenge, holding that the NCUA's altered interpretation was incorrect, and that credit union members must belong to a single occupational group. First Nat.'l Bank Trust v.Nat.'l Credit Union Adm., 90 F. 3d 525 (D.C. Cir. 1996). The court remanded the case to the district court, which issued an order in accordance with the circuit court's decision. First Nat.'l Bank Trustv. Nat.'l Credit Union Adm., Civil Action 90-2948 (D.D.C. 1996) (Memorandum and Order dated Oct. 25, 1996). (It should be noted that similar litigation in other courts has produced the opposite result.See, e.g., First City Bank v. Nat'l Credit Union Adm., Civil Action 3:94-0334 (M.D. Tenn. 1994).)
In response to the D.C. federal courts' orders described above, the Arkansas Credit Union League (a trade organization) and various federal credit unions in Arkansas have inquired as to whether they can convert to Arkansas charters and retain their current fields of membership, which include the employees of employers of unlike occupations.
You anticipate the possibility of litigation similar to the federal litigation described above, thus necessitating an interpretation of Arkansas' credit union membership requirements. Accordingly, you have presented the following questions:
 (1) Does A.C.A. § 23-35-401(b)(1)(A) or A.C.A. § 23-35-401(b)(1)(D) allow a field of membership for a credit union which includes employees of employers who are not involved in the same occupation?
 (2) Is a field of membership containing more than one of the classifications set forth in A.C.A. § 23-35-401(b)(1) permissible?
RESPONSE
Because both of your questions require an interpretation of A.C.A. §23-35-401(b)(1), I will begin by setting forth the provisions of that statute. A.C.A. § 23-35-401(b)(1) states in full:
 (b)(1) Credit union organizations, other than central credit unions, shall be limited to:
(A) Groups having a common bond of occupation;
(B) Associations;
 (C) Residents within a well-defined neighborhood, community, or rural district;
 (D) Employees of a common employer, or an affiliate of a subsidiary of a common employer;
 (E) Members of a bona fide fraternal, religious, cooperative, labor, rural, educational, or similar organization; and
 (F) Members of the immediate family of such persons. "Members of the immediate family" shall include the wife, husband, children, parents, grandparents, and grandchildren of a member.
A.C.A. § 23-35-401(b)(1). It should be noted that the above-quoted statute has not been subjected to judicial interpretation. The questions that you have presented raise issues that will ultimately require either judicial or legislative clarification in order to be resolved definitively. Until such clarification is rendered, I am constrained to interpret the statutory language under the basic guidelines that have been set forth by the Arkansas Supreme Court regarding statutory interpretation, and by reference, where appropriate, to analogous judicial interpretations of similar laws, such as the federal courts' interpretation of the Federal Credit Union Act.
Question 1 — Does A.C.A. § 23-35-401(b)(1)(A) or A.C.A. §23-35-401(b)(1)(D) allow a field of membership for a credit union whichincludes employees of employers who are not involved in the sameoccupation?
It is my opinion that A.C.A. § 23-35-401(b)(1)(A) clearly does not allow a field of credit union membership which includes employees of employers who are not involved in the same occupation. It is my opinion further that A.C.A. § 23-35-401(b)(1)(D) only allows a multi-occupation field of membership if that membership is based upon employment by employers who are affiliates or who share a parent/subsidiary relationship.[1]
As discussed more fully in response to Question 2, sections (A) through (E) of A.C.A. § 23-35-401(b)(1) set forth alternative bases for credit union membership. Each credit union must base its qualification for membership on one of these alternative categories. All members of that credit union must share qualification under that one category. If a credit union uses section (D) as the basis for its field of membership, the members can be engaged in different occupations — but only if their employers are affiliated companies or share a parent/subsidiary relationship. If their companies are neither affiliated nor share a parent/subsidiary relationship, employees engaged in different occupations cannot be admitted as members of the same credit union under the authority of section (D).[2]
Question 2 — Is a field of membership containing more than one of theclassifications set forth in A.C.A. § 23-35-401(b)(1) permissible?
It is my opinion that no one credit union can base its field of membership on a choice of more than one of the classifications set forth in A.C.A. § 23-35-401(b)(1). Rather, each credit union must base its membership on at least one of these listed alternatives. All members of the credit union must share at least that one basis for membership. A credit union may establish more than one of the categories as a basis for membership, but only as a means of further limiting membership. That is, a credit union may establish more than one of the categories as a basis for membership only if the individual members are required to qualify under all such categories; it may not allow the members to choose one of several categories under which to qualify. Clearly, certain members may happen to fall into one or more of the listed categories, but all members in the credit union must share at least one basis for membership.
My conclusion regarding this issue is based on the fundamental reasoning upon which limited credit union membership has been traditionally based. This reasoning is noted in the federal decisions discussed previously. Although these decisions provide no guidance for the interpretation of the specific language of the Arkansas statute in question, they do provide a sound basis for a reading of the statute under which the basis for membership in any one credit union is limited to at least one particular category. Both the district court and the court of appeals inFirst Nat.'l Bank Trust v. Nat.'l Credit Union Adm., 90 F. 3d 525
(D.C. Cir. 1996), recognized that a fundamental reason for limiting membership in credit unions was to "ensure both that those making lending decisions would know more about applicants and that borrowers would be more reluctant to default. . . ." 90 F.3d at 5, citing First Nat'l Bankand Trust Co. v. NCUA, 988 F.2d 1272 (D.C. Cir. 1993) (discussing reasoning behind the "common bond" requirement); First Nat.'l Bank Trust v. Nat.'l Credit Union Adm., Civil Action 90-2948 (D.D.C. 1996) (Memorandum and Order dated Oct. 25, 1996) at 3. A limited basis for membership traditionally has been viewed as the factor that unites the members in a cooperative venture. Id. Without this unifying factor, lenders are less likely to be familiar with borrowers, thus making lending decisions more risky, and borrowers are less likely to feel bound by societal incentives against default, with the result that the credit union is a less sound business operation.
The foregoing reasoning supports an interpretation of the current Arkansas statute under which each credit union must base its membership on at least one of the categories listed in A.C.A. § 23-35-401(b)(1). To allow a credit union to base its membership on a choice of more than one of the categories would open the door to a situation in which membership would be drawn from a pool so diverse that there would be virtually no unifying factor. Accordingly, the protective force provided by such a unifying factor could not be achieved. The possible field of membership would be so broad that the list of categories set forth in A.C.A. §23-35-401(b)(1) would have no limiting effect, and would be a virtual nullity.
For these reasons, I conclude that absent any change in the current legislation, a field of membership containing a choice of more than one of the categories in A.C.A. § 23-35-401(b)(1) is not permissible. Rather, all members of each credit union must share at least one of the listed bases for membership.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] It should be noted that the Federal Credit Union Act, which the D.C. Circuit Court of Appeals held to preclude a credit union membership comprised of employees of differing occupations, does not govern state-charted credit unions, nor does it contain a section allowing membership based on employment by company affiliates and subsidiaries, as does A.C.A. § 23-35-401(b)(1)(D). For this reason, the D.C. Circuit's decision provides no guidance for the interpretation of section (D).
[2] It should be noted that employees engaged in different occupations could conceivably be admitted as members of the same credit union if that credit union uses sections (B), (C), or (E) as the basis for its field of membership.